# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 15-515V
Filed: November 15, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| ELIZABETH GRAM, *For and on behalf* | * | UNPUBLISHED |
| *of her minor daughter* A.L.M., | * | |
| | * | |
| Petitioner, | * | Decision on Attorneys' Fees and Costs; |
| v. | * | Interim Fees; Hourly Rate; Excessive |
| | * | Billing |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Sean Greenwood, Esq.*, Greenwood Law Firm, Houston, TX, for petitioner.
*Christine Becer, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On May 19, 2015, Elizabeth Gram ("Ms. Gram," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of her minor daughter, A.L.M. Petitioner alleges that A.L.M. developed a seizure disorder as a result of receiving diphtheria-tetanus-acellular pertussis, haemophilus influenzae b, measles-mumps-rubella, pneumococcal conjugate, and varicella vaccinations on October 25, 2012. Petition ("Pet."), ECF No. 1.

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On October 24, 2018, petitioner filed a Motion for Interim Attorneys' Fees and Costs. Motion for Fees, ECF No. 66. Petitioner requests attorneys' fees in the amount of $34,824.11 and costs in the amount of $16,273.84, for a total amount of $51,097.95. *Id.* at 1, 14.

On November 7, 2018, respondent filed a response to petitioners' Motion for Fees. Response, ECF No. 67. Respondent "defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award" but "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id*. at 2. With regard to the specific fees and costs requested by petitioner, respondent "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id*. at 3.

## I. Legal Framework

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

## II. Discussion

### A.    Interim Fees

Interim fees may be paid at the discretion of the special master. *See Avera*, 515 F.3d at 1352 ("Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained.") Additionally, "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is

proper for the special master to award interim attorneys' fees." *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372, 1375 (Fed. Cir. 2010).

During the pendency of this case, petitioner has retained two experts to opine on her behalf and has incurred substantial expert fees as a result. Due to the undersigned's full hearing schedule, this matter is currently set for an entitlement hearing in September of 2020. Therefore, an award of interim fees and costs is appropriate so that counsel is not unduly financially burdened during protracted litigation.

## B.    Reasonable Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

In this case, Mr. Greenwood practices in Houston, TX. Special masters have consistently awarded forum rates to legal professionals practicing in the greater Houston area. *See, e.g.*, *Johnson v. Sec'y of Health & Human Servs.*, No. 14-254V, 2017 WL 2927307, at *3 (Fed. Cl. Spec. Mstr. June 6, 2017) (collecting cases). Therefore, forum rates apply in this case.

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

The requested hourly forum rates are consistent with the rates previously found to be reasonable in cases involving petitioner's counsel and his staff. *See e.g.*, *Johnson v. Sec'y of Health and Human Servs.*, No. 14-254, 2018 WL 3991262 at *3 (Fed. Cl. Spec. Mstr. July 2, 2018); *Prokopchuk v. Sec'y of Health & Human Servs.*, No. 16-881V, 2018 WL 4390123 at *1 (Fed. Cl. Spec. Mstr. May 7, 2018). Therefore, the undersigned finds the requested rates to be reasonable.

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys - Forum-Rate-Fee-Schedule2015-2016.pdf (last visited Nov. 14, 2018); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited Nov. 14, 2018).

A review of the billing records indicates that, although petitioner requested rates of $325 and $337 for Mr. Greenwood in his Motion, some hours have been billed at other rates. Mr. Greenwood billed 1.4 hours at $300.00, 0.9 hours at $324.40, and 6.6 hours at $350.00. This appears to be due to an error on the part of the billing software, as all other hours are billed at $325.00. Accordingly, the rate for these hours will be adjusted to $325.00. This results in a reduction in fees of $129.46,[4] reducing total fees from $34,824.11 to $34,694.65.

## C.     Hours Reasonably Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

---

4

| Hours Billed | Rate Billed | Fees Billed | Adjusted Rate ($325) | Adjusted Fees | Difference in Fees Billed and Adjusted Fees |
|---|---|---|---|---|---|
| 1.4 | $300.00 | $420.00 | $325.00 | $455.00 | + $35.00 |
| 0.9 | $324.40 | $291.96 | $325 | $292.50 | + $0.54 |
| 6.6 | $350 | $2,310.00 | $325 | $2,145.00 | - $165 |
|  |  |  |  | Total Difference | - $129.46 |

NJ Case 1:15-vv-00515-UNJ   Document 72   Filed 12/12/18   Page 5 of 6

Upon review of petitioner's application, the undersigned finds that a number of the hours billed were "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521.[5] From January of 2015 through and including February of 2017, all billing was done by Sean Greenwood ("SG") at his attorney rate regardless of whether that work was attorney, paralegal, secretarial, or clerical, the latter two being non-compensable.[6] Mr. Greenwood even had an entry suggesting that he conferred with himself. *See* Motion for Fees, Pet. Ex. 48, at 2. This entry was billed as "SG" but clearly was not performed by "SG." Additionally, there are entries of tasks that are vague in description and do not provide any basis for determining their reasonableness, such as 1.5 hours billed for "Correspond with court regarding non-opposition to extension"[7] and 1.5 hours billed for "Reviewed and organized case file."[8] For all of the foregoing reasons, the undersigned finds that attorneys' fees should be reduced by 20%. Accordingly, $27,755.72 is awarded in attorneys' fees.

## D.     Reasonable Costs

Petitioner requested a total of $16,273.84 in attorneys' costs. Motion for Fees at 14. The requested costs consist of $11,150.00 in expert fees for Dr. Kinsbourne, $4,200.00 in expert fees for Dr. Levin, $495.36 in costs associated with obtaining medical records, and the $400.00 filing fee. *Id.*

Dr. Kinsbourne billed $500.00 per hour, which other special masters have found reasonable, given Dr. Kinsbourne's qualifications and experience in the Program. *See, e.g., Hernandez v. Sec'y of Health & Human Servs.*, No. 16-1508V, 2018 WL 4391060, at \*2 (Fed. Cl. Spec. Mstr. Aug. 20, 2018); *Malloy v. Sec'y of Health & Human Servs.*, No. 16-754V, 2018 U.S. Claims LEXIS 334, at \*10 (Fed. Cl. Spec. Mstr. Mar. 14, 2018). Similarly, Dr. Levin's billed rate of $400.00 per hour has also been found reasonable in the past. *See, e.g., Grant v. Sec'y of Health & Human Servs.*, No. 16-1446V, 2018 WL 5832137, at \*4 (Fed. Cl. Spec. Mstr. Sep. 18, 2018).

The undersigned finds petitioner's requested costs to be reasonable.

## III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $44,029.56**, representing reimbursement for attorneys' fees in the amount of $27,755.72 and costs in the amount of $16,273.84, in the form of a check made payable jointly to petitioner and petitioner's counsel, Sean Greenwood, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[9]

---

[5] The following entries are examples and are not exhaustive; they merely provide a sampling.

[6] *See, e.g.*, Motion for Fees, Pet. Ex. 48, at 3 ("Work on status conference scheduling"); *id.* at 6 ("Review scheduling order and docket of all dates"); *id.* at 14 ("Review and redact invoice").

[7] *Id.* at 5.

[8] *Id.* at 9.

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IT IS SO ORDERED.**

<u>**s/ Mindy Michaels Roth**</u>
Mindy Michaels Roth
Special Master